# United States Court of Appeals
## For the First Circuit

_____

No. 98-2053

EUGENE E. WIGGINTON,

Plaintiff, Appellant,

v.

REGINALD A. CENTRACCHIO, ET AL.,

Defendants, Appellees.

_____

Before

Torruella, <u>Chief Judge</u>,

Cyr, <u>Senior Circuit Judge</u>,

and Pollak,[*] <u>Senior District Judge</u>.

_____

**ORDER FOR CERTIFICATION OF CERTAIN QUESTIONS
TO THE RHODE ISLAND SUPREME COURT**

Entered: March 13, 2000

Pursuant to Rule 6 of the Rules of the Supreme Court

_____

*Of the Eastern District of Pennsylvania, sitting by
designation.

of Rhode Island, the United States Court of Appeals for the First Circuit hereby certifies to the Supreme Court of Rhode Island

certain questions of Rhode Island law which may be determinative of a cause pending in the Court of Appeals and as to which it appears to the Court of Appeals that there is no controlling precedent in the decisions of the Supreme Court of Rhode Island.  Concurrently with the entry of this Certification Order, the Court of Appeals has issued an Opinion in the pending litigation.  That Opinion describes the history and current posture of the litigation, sets out the views of the Court of Appeals on certain questions of federal law which currently frame the litigation, and undertakes to explain why an authoritative resolution by the Supreme Court of Rhode Island of certain questions of Rhode Island law may prove determinative.

Since the Opinion of the Court of Appeals goes into greater detail, both as to historical fact and as to law, than the Supreme Court of Rhode Island may find it useful to pursue, the Court of Appeals has prepared a summary statement of (1) the facts giving rise to the pending litigation, (2) the course taken by the litigation up to this time, and (3) the questions of Rhode Island law on which the Court of Appeals seeks advice from the Supreme Court of Rhode Island:

**(1)**

Eugene E. Wigginton served in the United States

Marines  for three years, from 1967 to 1970, and was then honorably discharged.  In 1979, he was commissioned as an officer in the United States Army Reserve and, concomitantly, as an officer in the United States Army National Guard and the Rhode Island Army National Guard ("RIANG") with the rank of Second Lieutenant, assigned to a RIANG Military Police unit. By 1996, Eugene Wigginton had risen to the rank of Major, was serving as a RIANG Public Affairs Officer, and was performing the duties of Education Officer for RIANG.

In January of 1996, as Major Wigginton was nearing completion of his twentieth year of aggregate (Marine and RIANG) military service, he was advised that, in May of 1996, a Selective Retention Board would be convened pursuant to National Guard Regulation  635-102 ("Personnel Separations OFFICERS AND WARRANT OFFICERS SELECTIVE RETENTION").  The principal stated purpose of National Guard Regulation ("NGR") 635-102 is to "[e]nsur[e] that only the most capable officers are retained beyond 20 years of qualifying service for assignment to the comparatively few higher level command and staff positions." The Selective Retention Board considered ten RIANG commissioned and warrant officers at its May 13, 1996 meeting.  Major Wigginton was one of four who were recommended

for non-retention.  Pursuant to the Board's recommendation, Brigadier General Reginald A. Centracchio, Adjutant General of Rhode Island, wrote to Major Wigginton on May 14, advising him that he was not to be retained and, accordingly, was to be separated as of July 13, 1996.  In due course, Major Wigginton was separated as of that date.

**(2)**

In September of 1996, Major Wigginton initiated this litigation.  Suit was brought in the Superior Court for Providence County against General Centracchio and the State of Rhode Island.  The complaint contained two counts, each of which alleged that the conduct complained of had "deprived plaintiff of his civil rights pursuant to 42 U.S.C. section 1983."

The first count alleged that Major Wigginton's non-retention was "in violation of [R.I. Gen. Laws §] 30-3-13." That statutory provision, which has been part of the military code governing RIANG since 1956, states, *inter alia*, that "[a]ll commissioned officers of the staff corps and departments, hereafter appointed, . . . shall hold their positions until they have reached the age of sixty (60) years, unless retired prior to that time by reason of resignation or

disability, or for cause to be determined by an efficiency board or a court-martial legally convened for that purpose." It was further alleged that Major Wigginton had not been retired by reason of resignation, disability, or dismissal for cause.

The second count alleged that the "criteria set forth in [NGR] 635-102" governing the retention/non-retention decision "were not followed" in Major Wigginton's case; this claim has not been pursued before the Court of Appeals. The second count also alleged that Major Wigginton had never "been informed of the reasons why he was not selected for retention" - a failure characterized as "depriv[ing] the plaintiff of due process of law."

On the basis of the federal questions presented in Major Wigginton's complaint, the suit was removed by General Centracchio to the United States District Court for Rhode Island. After removal, General Centracchio moved to dismiss on the ground that Major Wigginton's suit – brought against a superior officer and arising out of matters incident to military service – was non-justiciable. The motion was referred to a Magistrate Judge, who recommended dismissal. But the District Court – disagreeing with the Magistrate Judge on the issue of justiciability – denied the motion to dismiss.

Having concluded that Major Wigginton's suit was judicially cognizable, the District Court held a hearing and then authorized discovery on the question whether, on the date Major Wigginton was discharged from RIANG, he was an officer of the RIANG "staff corps and departments" within the meaning of R.I. Gen. Laws § 30-3-13 and, hence, within the protective ambit of that statute insofar as it directs that such officers "shall hold their positions until they have reached the age of sixty (60) years." On the basis of the materials adduced by the parties, the District Court found itself unable to determine the meaning of "staff corps and departments." The District Court went on to rule that -- given that Major Wigginton as plaintiff had the burden of proof and had not succeeded in establishing that he had been an officer of whatever grouping was comprehended by the statutory phrase "staff corps and departments" -- summary judgment should be entered on the first count in favor of the defendants. On the second count, which alleged a denial of due process in the failure to inform Major Wigginton of the reasons for his non-retention, the District Court also granted summary judgment in favor of the defendants.

From the District Court's grant of summary judgment, Major Wigginton appealed.

In the opinion filed concurrently with this Certification Order, the Court of Appeals has ruled as follows: *First*: The District Court had been correct in determining that Major Wigginton's suit was justiciable. *Second*: The District Court erred in granting summary judgment in favor of defendants. The Court of Appeals determined that, in order to present viable federal claims of denial of due process of law under both the first count and the second count of his complaint, Major Wigginton was required to establish, as a predicate, an underlying property interest created by state law of which he had been deprived. In the context of this litigation, that state-created property interest, if it existed, had to be rooted in Major Wigginton's claim, under R.I. Gen. Laws § 30-3-13, that he was, at the time of his discharge from RIANG, an officer of the "staff corps and departments" within the meaning of the statute. Until the phrase "staff corps and departments" was judicially construed, it could not be determined whether Major Wigginton did or did not come within the protection of the statute. The District Court recognized the ambiguity of the statute but did not resolve that ambiguity. Since the District Court did not assign any fixed meaning to the crucial statutory phrase, ruling one way or another on summary judgment was premature.

The Court of Appeals has examined R.I. Gen. Laws § 30-3-13, together with other provisions of the statutory code governing RIANG that contain the phrase "staff corps and departments."  These statutory texts do not appear to convey a clear meaning.  No pertinent legislative history has come to the attention of the Court of Appeals.  And there are no reported judicial decisions – either in the courts of Rhode Island or elsewhere – construing   R.I. Gen. Laws § 30-3-13 or any cognate statutory provision.  Under these circumstances, in lieu of uninformed conjecture by a federal court, the Court of Appeals is of the view that the proper course is to seek an authoritative construction of "staff corps and departments" as used in R.I. Gen. Laws § 30-3-13 from the tribunal most qualified to render it – the Supreme Court of Rhode Island. Hence, this Certification Order.

If the Supreme Court of Rhode Island determines that Major Wigginton was not, when discharged from RIANG, an officer of the "staff corps and departments" within the meaning R.I. Gen. Laws § 30-3-13, that ruling would be dispositive of the litigation, adversely to Major Wigginton. If, on the other hand, the Supreme Court of Rhode Island determines that Major Wigginton, at the time of his discharge,

was an officer of the "staff corps and departments" within the meaning of the statute, the Court of Appeals would wish advice on the further question whether R.I. Gen. Laws § 30-3-13 is to be taken to mean what its plain text connotes – namely, that Major Wigginton, as an officer who has not been retired by resignation or disability, or for cause, is entitled to continue in his RIANG status until he is sixty years old – or whether Rhode Island's statutory and/or decisional law governing RIANG attaches any other contingency to Major Wigginton's continued status until age sixty as a RIANG officer.  If the Supreme Court of Rhode Island determines that, by virtue of R.I. Gen. Laws § 30-3-13, Major Wigginton was uncontingently entitled to continued status until age sixty as a RIANG officer, that determination of Rhode Island law would appear to satisfy the requirement of federal law that a person asserting a right not to be discharged from a public position without being afforded procedural due process must establish "an enforceable expectation of continued public employment."  *Bishop v. Wood,* 426 U.S. 321, 345 (1976). Assuming that the answers of the Rhode Island Supreme Court to the certified questions persuade the Court of Appeals that Major Wigginton did, at the time he was discharged, enjoy an "enforceable expectation of continued public employment," the

further questions to be addressed by the federal courts in this litigation would be (1) whether the procedures culminating in General Centracchio's decision of non-retention with respect to Major Wigginton satisfied due process, and/or (2) whether the failure to inform Major Wigginton of the reasons for his non-retention was compatible with due process.

In conformity with the foregoing discussion, the Court of Appeals requests that the Supreme Court of Rhode Island advise the Court of Appeals of the answers to the following questions of Rhode Island law:

> 1. At the time Major Wigginton was discharged from RIANG, was he an officer of the "staff corps and departments" within the meaning of R. I. Gen. Laws § 30-3-13?

> 2. If the answer to Question 1 is "Yes", does that signify that, pursuant to R.I. Gen. Laws § 30-3-13, Major Wigginton was (in the absence of resignation, disability, or dismissal for cause) therefore entitled to continue as a RIANG officer until age sixty, or would Rhode Island's statutory and/or decisional law attach any other contingency to Major Wigginton's continued status as a RIANG officer?

By Order:

_____

Phoebe Morse, Clerk
United States Court of
Appeals
Enter:

_____
Juan R. Torruella, Chief Judge
United States Court of Appeals for the First Circuit